IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MATTHEW J. SCHIRLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-555-Y |
| | § | |
| SOKUDO USA, LLC; DNS | § | |
| ELECTRONICS, LLC; DAINIPPON | § | |
| SCREEN DEUTSCHLAND gMBh; and | § | |
| DAINIPPON SCREEN Mfg. Co., Ltd., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

THE HONORABLE JUDGE TERRY MEANS:

Plaintiff Matthew J. Schirle responds to the specific matters in Part IV of Defendant's Motion in Limine as follows:

DEFENDANT'S TOPIC IV.A(1)

Plaintiff agrees to properly delineate between, and make specific reference to, the two corporate entities SOKUDO USA and SOKUDO KK.

DEFENDANT'S TOPIC IV.A(2)

Plaintiff agrees to properly delineate between, and make specific reference to, the multiple corporate entities at issue in this case: SOKUDO USA, SOKUDO KK, DNSE, DSD, and DSM.

Plaintiff does not agree not to reference any "acts by a former Defendant," because there is a genuine issue of fact as to which corporate entities are responsible for which acts. This is, in large part, why the Fifth Circuit remanded this case for trial. If, for example, Defendant presents evidence suggesting that Mr. Suetake was not an employee of SOKUDO USA, Plaintiff is

entitled to present evidence to the contrary. The parties do not agree as to which acts are attributable to which corporate entity. These are critical fact issues for the jury to decide. Defendant later recognizes this in its motion: "*A significant issue for trial* is whether certain person[s] were acting as agents of SOKUDO USA with regard to the acts Plaintiff alleges were discriminatory or retaliatory." [Doc. 260, p. 4, emphasis added]. Defendant attempts, however, to prevent Plaintiff from presenting pertinent evidence on this "significant issue for trial." The fact that Defendant disagrees with Plaintiff's theory of the case is not grounds for a motion in limine. In short, this is not a matter that "cannot adequately be raised before the jury by trial objection without prejudice to the objecting party." [Final Scheduling Order, Doc. 259, p. 2]. Defendant is free to present its own arguments and evidence to the jury as to which corporate entity is responsible for which acts. Allowing Plaintiff to do the same is fair and does not cause incurable prejudice to Defendant.

DEFENDANT'S TOPICS IV.B(1) AND IV.B(2)

Again, these are not matters that "cannot adequately be raised before the jury by trial objection without prejudice to the objecting party." [Doc. 259]. By Defendant's logic, neither party should be permitted to give an opening statement "unless a witness first demonstrates the ability to provide admissible testimony." Defendant cannot preempt Plaintiff's case, or his presentation of evidence regarding "a significant issue for trial," by a motion in limine.

If Plaintiff or his witnesses make a statement that Defendant believes to be false or unsupported, it has multiple, perfectly adequate remedies at its disposal. In fact, Defendant identifies its remedies in its motion: a trial objection under FED. R. EVID. 602, and a cross-examination of Plaintiff or his witnesses using their deposition testimony. If Plaintiff suggests in opening statements (or elsewhere) that Mr. Suetake was an agent of SOKUDO USA, and if

Defendant presents conflicting evidence, then Defendant may point out the conflicting evidence in its closing argument to the jury.  The Fifth Circuit Pattern Jury Instructions already explain that an attorney's arguments are not evidence.  This issue is not "incurably prejudicial" to Defendant – it's simply an argument with which Defendant disagrees.  The remedies it identified are perfectly adequate to address that disagreement.

Defendant argues that in discovery, Plaintiff suggested "he believes DNSE was responsible for his termination." [Doc. 260, p. 4].  As Defendant has repeatedly pointed out, however, a plaintiff's subjective belief as to why he was terminated is not evidence.  What matters is not Plaintiff's "subjective beliefs," but rather, what the evidence actually suggests. Defendant is free to cross-examine Plaintiff and his witnesses on this point, but Plaintiff's statements in discovery are not a reason to preemptively exclude evidence altogether.

There is no legitimate reason why the jury should be prevented from hearing about the evidence that contradicts Defendant's version of the story – especially since Defendant will undoubtedly mention this issue in its opening statement. As Defendant is well aware, there is competing documentary evidence on the extent of Mr. Suetake's agency relationship with SOKUDO USA (as the Fifth Circuit recognized). If the mere existence of competing or contradictory evidence were enough to justify a motion in limine, Defendant should also be prevented from mentioning its theory of the case to the jury.  This is a nonsensical result.  To prevent Plaintiff from mentioning his theory of the case on an unquestionably "significant issue for trial" (Defendant's phrase) is an extreme, unjustified, and unnecessary measure.

DEFENDANT'S TOPIC IV.C(1)

Plaintiff agrees not to mention his prior claims of defamation against SOKUDO USA and the other dismissed Defendants without first asking for a ruling from the Court on the admissibility of such evidence outside of the presence of the jury.

Plaintiff does not agree, however, not to mention the "statements that formed the basis of his prior claims." [Doc. 260, p. 5]. The defamation claims are no longer before the court. The jury will not decide whether the statements were "defamatory" under the law, or whether there was a publication to a third party. Plaintiff will not make those arguments to the jury. The underlying *facts and context*, however, are still relevant to Plaintiff's claims for discrimination, retaliation, and punitive damages. *See Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 69 (2006) ("Context matters" for purposes of retaliation under Title VII); *Safeshred Inc. v. Martinez,* 365 S.W.3d 655, 662 (Tex. 2012) (describing when punitive damages may be awarded on a claim for wrongful termination: "'where the employer circulates false or malicious rumors about the employee before or after the discharge . . . or actively interferes with the employee's ability to find other employment.'").

DEFENDANT'S TOPIC IV.C(2)

Plaintiff agrees not to mention his prior claims of discrimination and retaliation against former Defendant DNSE without first asking for a ruling from the Court on the admissibility of such evidence or commentary outside of the presence of the jury.

DEFENDANT'S TOPICS IV.D(1), D(2), AND D(3)

Plaintiff objects - these are not matters that "cannot adequately be raised before the jury by trial objection without prejudice to the objecting party." [Doc. 259, p. 2]. As shown above, if Plaintiff makes a statement that Defendant believes to be unsupported, it has multiple, perfectly

adequate remedies at its disposal: a trial objection under FED. R. EVID. 602 or 702, a cross-examination of Plaintiff or his witnesses, argument in closing statements, and limiting instructions if needed. These issues are not "incurably prejudicial" to Defendant – they are simply arguments with which Defendant disagrees. It already has perfectly adequate remedies to address those disagreements.

Plaintiff may testify regarding the cause of his mental illness pursuant to FED. R. EVID. 701 (opinion testimony by lay witness), FED. R. EVID. 601, or otherwise. Furthermore, it is not true that "Plaintiff did not produce any appropriately supported expert opinion to substantiate this contention" that his mental illness was caused by Sokudo USA. [Doc. 260, p. 6]. Defendant names Plaintiff's expert witnesses in its motion: Dr. Robert DeMartini and Dr. Warren Carter. To the extent Defendant argues these witnesses are not qualified as "experts" under FED. R. EVID. 702, that issue is not properly raised in a motion in limine. *See Scheduling Order* [Doc. 259, p. 2] ("Motions in Limine may not include…issues presented to obtain substantive rulings that should have been requested in advance of trial by appropriate motion.").

Plaintiff should be permitted to present evidence that Sokudo USA or other entities, or the lawsuit, contributed to his inability to obtain employment because that is relevant to the context of Plaintiff's employment relationship, Plaintiff's damages (including punitive damages), and the issue of mitigation of damages.

DEFENDANT'S TOPIC IV.D(4)

Plaintiff agrees not to claim or suggest that he was divorced because of this lawsuit without first asking for a ruling from the Court on the admissibility of such evidence or commentary outside of the presence of the jury.

DEFENDANT'S TOPIC IV.E(1)

Plaintiff agrees not to testify, comment on, or allude to alleged incidents of harassment discrimination, or retaliation not disclosed in discovery without first asking for a ruling from the Court on the admissibility of such evidence outside of the presence of the jury.

DEFENDANT'S TOPICS IV.F(1) AND F(2)

Plaintiff agrees not to refer to (let alone "misuse") the ruling of the Fifth Circuit Court of Appeals, or any pleadings or orders issued by this court – an issue on which Plaintiff himself has submitted a motion in limine.

DEFENDANT'S TOPIC IV.G(1)

Plaintiff agrees not to claim or suggest that SOKUDO USA or any of the companies involved in this litigation have hidden or misappropriated assets without first asking for a ruling from the Court on the admissibility of such evidence or commentary outside of the presence of the jury.

DEFENDANT'S TOPIC IV.G(2)

The circumstances surrounding Rod Hogan's declaration are highly probative to explain the statements allegedly made by Mr. Hogan therein. Should Defendant attempt to cross examine Mr. Hogan, or otherwise refer to statements in the various drafts of Mr. Hogan's declaration, Mr. Hogan should be permitted to explain the circumstances surrounding the making of the declaration. *See Spearman v. State*, 68 Tex. Crim. 449, 459-460 (Tex. Crim. App. 1913) ("It would be a new rule of law to hold that you could introduce the statements of any witness or circumstance to impeach her testimony, and not permit the witness to state the circumstances under which the statement was made…It is thus seen that this court, our Supreme Court, and the

Court of Civil Appeals have all held that where it is sought to impair the credit of a witness by showing different statements, etc., the witness should be permitted to explain the transaction.").

DEFENDANT'S TOPIC IV.G(3)

Plaintiff agrees not to comment on any witness' use of an interpreter without first asking for a ruling from the Court on the admissibility of such commentary outside of the presence of the jury.

## Conclusion

For the reasons stated above, except where Plaintiff is in agreement with Defendant, the Court should deny Defendant's Motion in Limine, allow Plaintiff to put on his case and his evidence, and grant Plaintiff any other relief to which he may be entitled.

*Respectfully submitted,*

By: /s/ *Theodore C. Anderson*
    THEODORE C. ANDERSON
    State Bar No. 01215700
    ROBERT M. BEHRENDT
    State Bar No. 24012270
    ASHLEY E. TREMAIN
    State Bar No. 24066209

KILGORE LAW CENTER
3109 Carlisle
Dallas, TX 75204-2471
(214) 969-9099 - Telephone
(214) 953-0133 - Fax

**ATTORNEYS FOR PLAINTIFF
MATTHEW J. SCHIRLE**

### CERTIFICATE OF SERVICE

    This is to certify that on this 4th day of February, 2013, I electronically transmitted this document to the Clerk of the Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to counsel of record.

    /s/ *Theodore C. Anderson* .
    Theodore C. Anderson