IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MATTHEW J. SCHIRLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-555-Y |
| | § | |
| SOKUDO USA, LLC; | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S EXPEDITED MOTION TO COMPEL MEDIATION

Defendant SOKUDO USA, LLC (hereinafter referred to as Defendant or "SOKUDO USA") files this Expedited Motion to Compel Mediation and respectfully shows the Court as follows:

### I.  FACTS

In attempts to resolve this case, involving discrimination and retaliation claims brought by Plaintiff Matt Schirle against SOKUDO USA, the parties have conferred on the following occasions:

- Before filing suit, Plaintiff and representatives of former defendant DNSE met in person for two days, but made no progress toward resolution

- In 2008, the parties engaged in two formal mediations with mediator Mark Rudy in San Francisco.  Neither mediation was successful.

- On November 30, 2010, pursuant to this Court's order, an informal settlement conference was held.  In attendance were Plaintiff Matt Schirle and his attorneys, as well as representatives and counsel for all defendants.  The parties were unable to reach an agreement to settle the case.

- In October 2011, when Plaintiff appealed this Court's grant of summary judgment to all defendants on all claims, the Fifth Circuit assigned a conference mediator. The parties communicated via telephone with the conference moderator and exchanged settlement demands and offers, but were unable to reach any agreement.

- On December 10, 2012, Plaintiff Matt Schirle, his attorney, Defendant's representatives, and Defendant's attorneys met in Fort Worth for a settlement conference. Despite conferring all day, the parties did not make meaningful progress toward settlement. Plaintiff was reluctant to make any settlement demand. SOKUDO USA made an offer of settlement during the course of negotiations; Plaintiff refused Defendant's offer.

- On February 2, 2013, Plaintiff Matt Schirle, his attorney, Defendant's representatives, and Defendant's attorneys met again in California for another informal settlement conference. Once again, despite conferring most of the day, the parties were unable to make meaningful progress toward settlement. During the course of those discussions, SOKUDO USA made another settlement offer and Plaintiff made a counter demand. However, the parties remain very wide apart in their settlement positions.

- The parties have engaged in ongoing settlement discussions throughout the pendency of this litigation.

Defendant believes the obstacle to settlement is the widely disparate view of the parties and their attorneys regarding the likely and possible outcomes of a trial of this matter. As such, Defendant believes the parties would benefit from the guidance and input of a neutral mediator. Indeed, Defendant's view is that the best, if not the only, prospect for settlement is to formally

mediate this case. This case has changed drastically since the parties last attended formal mediation in 2008: only one defendant remains, and summary judgment eliminated Plaintiff's disparagement and defamation claims. Moreover, a neutral mediator will facilitate negotiations and objectively advise each party of the strengths and weaknesses of Plaintiff's claims and Defendant's defenses, especially given the new posture of the case. Defendant therefore requests that the Court order the parties to engage a neutral mediator in an attempt to resolve this case before either party incurs additional expense in preparing for trial.

## II. ARGUMENT AND AUTHORITIES

Although there are no federal rules requiring parties to mediate, Local Rule 16.3 encourages parties to engage in good-faith efforts to settle. Despite the fact that there is no requirement to engage in formal mediation, Defendant requests that, in the interest of judicial economy and lessening any economic burden on the Fort Worth community, the Court order the parties to attend mediation with a designated neutral mediator who can provide each party with an objective analysis of the case.[1] Further, an additional attempt to resolve this case through mediation would not result in any inconvenience or prejudice to either party and would relieve both parties of the costs of trial preparation and trial. Because Defendant believes so strongly that mediation is the best chance to resolve this case and avoid the burden and expense of trial, Defendant is amenable to bearing the entire expense of mediation should the Court grant this motion.

Judge Sam Lindsay of the Dallas Division recognized the value of formal settlement negotiations in *Balfour Beatty Rail, Inc. v. Kansas City Southern Railway Co.*, 2012 U.S. Dist. LEXIS 106574. Judge Lindsay noted that, as in the case at hand, after ruling on the parties'

---

[1] For an analysis of the benefits objective mediators provide and the techniques they utilize to encourage compromise resulting in a negotiate settlement, see Ian Ayres & Jennifer Gerarda Brown, *Economic Rationales for Mediation*, 80 VA.L.REV. 323 (1994).

**DEFENDANT'S EXPEDITED MOTION TO COMPEL MEDIATION** **Page 3**

motions for summary judgment, ". . . the parties are in a better position to assess the strengths and weaknesses of their respective claims and defenses." *Id.* at *62-63. In ordering the parties to attend mediation or a settlement conference with a Magistrate Judge, Judge Lindsay noted the value of judicial economy, precluding additional costs of litigation and trial, and attorney schedules. *Id.* at *63. Here, although mediation at an earlier point may not have been fruitful, the changed posture of the case since the last formal mediation in 2008 warrants an attempt to negotiate an agreed settlement with the aid of an objective third-party mediator.

In order that the parties have receive the greatest benefit from mediation (i.e., avoiding as much expense associated with trial preparation as possible), Defendant believes mediation needs to occur on an expedited basis. Accordingly, Defendant would request that the Court order the parties to mediate no later than the end of February 2013. Additionally, in order to avoid any delay in scheduling the mediation, Defendant would request that the Court appoint a qualified mediator. In that regard, Defendant would suggest retired Magistrate Judge Jeff Kaplan is well-suited to mediate this case, but would defer to the Court if the Court has another preference.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, for the reasons set forth above, Defendant respectfully requests the Court consider this Motion on an expedited basis and enter an order compelling the parties to mediate with a mediator appointed by the Court no later than February 28, 2013, and any other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

 s/ Jennifer G. Martin
**RUSSELL W. SCHELL**
Texas State Bar No. 17736800
**JENNIFER G. MARTIN**
Texas State Bar No.00794233
**SCHELL COOLEY LLP**
15455 Dallas Parkway, Suite 550
Addison, Texas 75001
(214) 665-2000
Fax: (214) 754-0060

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I have conferred with opposing counsel, Ted Anderson, on several occasions in an attempt to reach an agreement regarding mediation. As of the filing of this motion, Plaintiff has not agreed to mediation. Accordingly, this motion is submitted for the Court's consideration.

 s/ Jennifer G. Martin
**Jennifer G. Martin**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served on all counsel of record via the ECF System on this **8th of February, 2013.**

 s/ Jennifer G. Martin
**Jennifer G. Martin**